# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST HARRIS,<br><br>    Petitioner,<br><br>    v.<br><br>C. PFEIFER, et al.,<br><br>    Respondents. | Case No. 1:24-cv-00361-EPG-HC<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST STATE JUDICIAL REMEDIES |

Petitioner Ernest Harris is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

In the petition, Petitioner challenges a loss of ninety days of credit along with other presentence credit calculations. It appears that Petitioner may have failed to exhaust the claim that he raises in the instant petition. A petitioner in state custody who is proceeding with a federal petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C.

1   § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state

2   court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v.

3   Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can

4   satisfy the exhaustion requirement by providing the highest state court with a full and fair

5   opportunity to consider each claim before presenting it to the federal court. O'Sullivan v.

6   Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v.

7   Connor, 404 U.S. 270, 276 (1971).

8         With respect to exhaustion, Petitioner states, "I'm in the 3 level as we speak. But it is

9   March 24, 2024. I suppose to parole March 25, 2024. I do not have time to wait for their

10  answer." (ECF No. 1 at 5.[1]) The Court construes this language to mean that Petitioner is in the

11  process of exhausting his *administrative* remedies at the third level of review. However, a

12  petitioner in state custody who is proceeding with a federal petition for writ of habeas corpus

13  must have "exhausted the remedies available in the *courts* of the State[.]" 28 U.S.C.

14  § 2254(b)(1)(A) (emphasis added). Thus, to satisfy the exhaustion requirement, Petitioner must

15  have filed a state habeas petition raising the claim now presented in the California Supreme

16  Court.[2] It does not appear that Petitioner has filed a state habeas petition in any state court, and if

17  Petitioner has not sought relief in the California Supreme Court for the claim that he raises in the

18  petition, the Court cannot proceed to the merits of that claim. 28 U.S.C. § 2254(b)(1). It is

19  possible, however, that Petitioner has presented his claim to the California Supreme Court and

20  failed to indicate this to the Court. Thus, Petitioner must inform the Court whether his claim has

21  been presented to the California Supreme Court, and if possible, provide the Court with a copy of

22  the petition filed in the California Supreme Court that includes the claim now presented and a

23  file stamp showing that the petition was indeed filed in the California Supreme Court.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

[2] "All courts in California have original habeas corpus jurisdiction, but that does not mean all courts must exercise it in all circumstances. A higher court 'has discretion to deny without prejudice a habeas corpus petition that was not filed first in a proper lower court.'" Robinson v. Lewis, 9 Cal. 5th 883, 895 (Cal. 2020) (citation omitted). Thus, "[p]etitioners should first file a petition for a writ of habeas corpus . . . in the superior court . . . . If the superior court denies the petition, the petitioner may then file a new petition in the Court of Appeal." Id. If the Court of Appeal denies the petition, the petitioner may then file a petition for review or a new habeas petition in the California Supreme Court. Id. at 896.

**II.**

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner SHALL SHOW CAUSE why the petition should not be dismissed for failure to exhaust state court remedies within **THIRTY (30) days** from the date of service of this order.

Petitioner is forewarned that failure to follow this order may result in dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:  **April 10, 2024**                                        /s/ Erica P. Grosjean
                                                                             UNITED STATES MAGISTRATE JUDGE