# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST HARRIS,<br><br>    Petitioner,<br><br>    v.<br><br>C. PFEIFER, et al.,<br><br>    Respondents. | Case No. 1:24-cv-00361-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENY PETITIONER'S MOTION FOR EMERGENCY INJUNCTION<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

    Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Given that the instant petition is unexhausted, the undersigned recommends that the petition be dismissed without prejudice and the motion for emergency injunction be denied.

## I.

## BACKGROUND

    On March 28, 2024, Petitioner filed the instant petition for writ of habeas corpus challenging a loss of ninety days of credit along with other presentence credit calculations. (ECF No. 1.) On April 10, 2024, the Court ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust state judicial remedies. (ECF No. 6.) On May 13, 2024, the Court received Petitioner response and a motion for emergency injunction. (ECF No. 7.)

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

**A. Exhaustion**

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

In the petition, Petitioner states, "I'm in the 3 level as we speak. But it is March 24, 2024. I suppose to parole March 25, 2024. I do not have time to wait for their answer." (ECF No. 1 at 5.[1]) The Court previously construed this language to mean that Petitioner is in the process of exhausting his *administrative* remedies at the third level of review. However, a petitioner in state custody who is proceeding with a federal petition for writ of habeas corpus must have "exhausted the remedies available in the *courts* of the State[.]" 28 U.S.C. § 2254(b)(1)(A) (emphasis added). Thus, to satisfy the exhaustion requirement, Petitioner must have filed a state habeas petition raising the claims now presented in the California Supreme Court.

In his response to the order to show cause, Petitioner alleges various complications he has experienced regarding appeals he has pursued with the California Department of Corrections and Rehabilitation ("CDCR"). (ECF No. 7.) However, as set forth above and in the order to show

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1  cause, a petitioner in state custody who is proceeding with a federal petition for writ of habeas
2  corpus must have "exhausted the remedies available in the *courts* of the State[.]" 28 U.S.C.
3  § 2254(b)(1)(A) (emphasis added). The Court recognizes that it appears Petitioner has
4  encountered difficulties pursuing his CDCR grievances, but such difficulties do not prevent
5  Petitioner from filing state habeas petitions in the state court.

6  Petitioner has not established that he falls within one of the statutory exceptions to the
7  exhaustion requirement or that his failure to exhaust available state remedies should be excused.
8  See 28 U.S.C. § 2254(b)(1)(B) (A petitioner is excused from the exhaustion requirement if "(i)
9  there is an absence of available State corrective process; or (ii) circumstances exist that render
10 such process ineffective to protect the rights of the applicant."); Duckworth v. Serrano, 454 U.S.
11 1, 3 (1981) ("An exception [to the exhaustion requirement] is made only if there is no
12 opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to
13 render futile any effort to obtain relief."); Hendricks v. Zenon, 993 F.2d 664, 672 (9th Cir. 1993)
14 (recognizing that exhaustion requirement may be excused "in rare cases where exceptional
15 circumstances of peculiar urgency are shown to exist" (quoting Granberry v. Greer, 481 U.S.
16 129, 134 (1987))).

17  Here, Petitioner has not demonstrated that he filed state habeas petitions in state court,
18 and if Petitioner has not sought relief in the California Supreme Court for the claims that he
19 raises in the petition, the Court cannot proceed to the merits of those claims. 28 U.S.C.
20 § 2254(b)(1). Accordingly, the undersigned recommends that the petition be dismissed without
21 prejudice.

22  **B.  Motion for Emergency Injunction**

23  Petitioner has moved for emergency injunction. (ECF No. 7.) "A preliminary injunction
24 is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc.,
25 555 U.S. 7, 24 (2008) (citation omitted). A federal district court may issue emergency injunctive
26 relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the
27 lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999)
28 (noting that one "becomes a party officially, and is required to take action in that capacity, only

1 upon service of summons or other authority-asserting measure stating the time within which the
2 party must appear to defend"). "A plaintiff seeking a preliminary injunction must establish that
3 he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of
4 preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the
5 public interest." Glossip v. Gross, 576 U.S. 863, 876 (2015) (internal quotation marks omitted)
6 (quoting Winter, 555 U.S. at 20). "Under Winter, plaintiffs must establish that irreparable harm
7 is likely, not just possible, in order to obtain a preliminary injunction." Alliance for the Wild
8 Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011).

9      As set forth in section II(A), *supra*, the petition should be dismissed for failure to exhaust
10 state judicial remedies, and thus, Petitioner cannot demonstrate that he is likely to succeed on the
11 merits. See 28 U.S.C. § 2254(b)(1)(A) ("An application for writ of habeas corpus on behalf of a
12 person in custody pursuant to the judgment of a State court shall not be granted unless it appears
13 that the applicant has exhausted the remedies available in the courts of the State[.]").
14 Accordingly, the undersigned recommends that the motion for emergency injunction be denied.

### III.
### RECOMMENDATION & ORDER

17      Based on the foregoing, the undersigned HEREBY RECOMMENDS that:
18 1. The petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE for
19     failure to exhaust state judicial remedies; and
20 2. Petitioner's motion for emergency injunction (ECF No. 7) be DENIED.

21      Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to
22 the present matter.

23      This Findings and Recommendation is submitted to the assigned United States District
24 Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local
25 Rules of Practice for the United States District Court, Eastern District of California. Within
26 **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file
27 written objections with the court and serve a copy on all parties. Such a document should be
28 captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned

United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 22, 2024**                        /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE