UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST HARRIS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>C. PFEIFER, et al.,<br><br>　　　　Respondents. | No. 1:24-cv-00361-KES-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING PETITIONER'S MOTION FOR EMERGENCY INJUNCTION, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(Docs. 7, 9) |

　　　　Petitioner Ernest Harris is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On May 22, 2024, the assigned magistrate judge issued findings and recommendations that recommended dismissing the petition for failure to exhaust state judicial remedies and denying Petitioner's motion for an emergency injunction. Doc. 9. The findings and recommendations were served on the parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the findings and recommendations. *Id.* To date, no objections have been filed, and the time for doing so has passed.

　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1), the court has conducted a de novo review of the case. Having carefully reviewed the entire file, the court holds the findings

1

and recommendations to be supported by the record and proper analysis.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on May 22, 2024, Doc. 9, are ADOPTED in full;
2. The petition for writ of habeas corpus is DISMISSED without prejudice;
3. Petitioner's motion for emergency injunction, Doc. 7, is DENIED;
4. The Clerk of Court is directed to close the case; and
5. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

    Dated:   July 31, 2024                     _____
                                               UNITED STATES DISTRICT JUDGE

3